402 A.2d 1036

**COMMONWEALTH of Pennsylvania**

v.

**John ALBERTSON, II, Appellant.**

Superior Court of Pennsylvania.

Submitted June 12, 1978.

Decided April 27, 1979.

---

Ralph W. Litzenberger, Easton, for appellant.

John E. Gallagher, District Attorney, James J. Narlesky, Assistant District Attorney, Easton, for Commonwealth.

Before JACOBS, P. J., and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

VAN der VOORT, Judge:

Fourteen year old appellant, John Albertson, II, was charged with having burglarized a pizza parlor on September 30, 1977. A juvenile court proceeding was held on October 31, 1977, after which the lower court found "beyond a reasonable doubt that John Albertson did engage in delinquent conduct in the nature of a burglary involving the premises of Rose's Pizza Parlor, 1135 Northampton Street, Easton, Pennsylvania, on September 30, 1977." Appellant appealed to our Court, arguing that the Commonwealth failed to establish that appellant had entered the pizza parlor with the intent to commit a crime therein, and, furthermore, that the Commonwealth failed to prove that appellant had entered the pizza parlor at all.[1]

It was established at the hearing on October 31, 1977, that appellant's mother lived in an apartment above the pizza shop, and that appellant was residing at the time at Easton Children's Home. Instead of going to school on the morning of September 30, appellant broke into his mother's apartment (entering first through an area common to the apartment and the pizza shop), drank some Kool-Aid, had a bite to eat, and left. The testimony of appellant's mother, a police officer, and the proprietress of the pizza shop did *not* establish that appellant had actually entered the pizza shop, and there was no testimony that anything was missing from the pizza shop. Under the circumstances, it is impossible to find beyond a reasonable doubt that appellant entered the pizza parlor with the intent to commit a crime therein.

Order vacated and this case is remanded for further proceedings not inconsistent with this opinion.

SPAETH, J., files a concurring statement in which CERCONE, P. J., and PRICE, J. join.

JACOBS, former P. J. and HOFFMAN, J. did not participate in the consideration or decision of this case.

---

1. The elements of the crime of burglary are set forth in 18 Pa.C.S. § 3502.

SPAETH, Judge (concurring):

I agree that the evidence was insufficient to sustain appellant's adjudication for delinquent conduct in the nature of a burglary. For this reason the Commonwealth is barred from another attempt to adjudicate appellant on the basis of this conduct. *See Helman Appeals,* 230 Pa.Super. 484, 327 A.2d 163 (1974) (juveniles discharged where evidence insufficient to support adjudication of delinquency). However, appellant had been under the supervision of the juvenile court for almost a year prior to the incident involved here. Naturally, his discharge from the present charges does not entitle him to a discharge from the custody of the juvenile court that was lawfully obtained because of other, prior conduct. Since I understand this to be the purport of the majority's order, I concur.

CERCONE, P. J., and PRICE, J., join in this concurring statement.